IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAYVISION LABS, INC., | No. C14-05365 CRB |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS COUNTERFEIT CLAIM** |
| v. | |
| NINTENDO OF AMERICA, INC., | |
| Defendant. | |

Defendant Nintendo of America, Inc. has moved to dismiss Count 1 of Plaintiff Playvision Labs, Inc.'s Complaint, to the extent that it asserts a claim for trademark counterfeiting.[1] See generally Mot. (dkt. 17). The Court finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), VACATES the hearing currently set for May 22, 2015, and GRANTS the Motion.

Under the Lanham Act, a "counterfeit" is defined as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. The Complaint alleges that "Defendant's use of Plaintiff's Mark and a name that is virtually identical to Plaintiff's mark to promote, market, or sell computer software in the same channel of commerce in which Plaintiff operates constitutes trade mark infringement

---

[1] Count 1, for "Trademark Infringement," is devoid of any explicit allegations of counterfeiting, but it seeks statutory damages under 15 U.S.C. § 1117(c), treble damages under 15 U.S.C. § 1117(b), and enhanced damages under 15 U.S.C. § 1117(c)—relief only triggered when there is use of a counterfeit mark. See Complaint (dkt. 1) ¶ 26.

pursuant to 15 U.S.C. § 1114." Compl. ¶ 25. Those allegations are insufficient—"virtually identical" is not the same as "identical with, or substantially indistinguishable from"—and conclusory. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)) ("pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Moreover, comparing Defendant's packaging and Plaintiff's packaging, Defendant's "Wii Play Motion" name differs from the "playmotion!" name by using, among other things: (1) three different colors, rather than one color; (2) three separate words, with each word capitalized, rather than one single, combined word; (3) an entirely different word ("Wii") at the beginning of the mark; (4) capital and lower case lettering, rather than all lower case lettering; (5) the word "Motion" on a separate line from, and in a different size than, the words "Wii Play"; and (6) no punctuation at the end of the mark, rather than an exclamation point. Compare Compl. ¶ 14 with RJN (dkt. 18 Ex. 1)[2]; see also Mot. at 2 (comparing both products side by side). Plaintiff therefore cannot plausibly allege that the two marks are identical or substantially indistinguishable. See, e.g., Emeco Indus., Inc. v. Restoration Hardware, Inc., No. 12-5072 MMC, 2012 WL 6087329, at *1 (N.D. Cal. Dec. 6, 2012) ("1940s Naval Chair" and "Introducing 1940S Naval Chair Collection" not identical or substantially indistinguishable from "The Navy Chair" or "111 Navy Chair"); see also Colgate-Palmolive Co. v. J.M.D. All-Star Import & Export, 486 F. Supp. 2d 286, 288, 290-91 (S.D.N.Y. 2007) ("Colddate" toothpaste not identical or substantially indistinguishable from "Colgate" toothpaste).

For the foregoing reasons, Court DISMISSES WITH PREJUDICE Count 1 of Plaintiff Playvision Labs, Inc.'s Complaint, to the extent that it asserts a claim for trademark

---

[2] The Court grants Defendant's Request for Judicial Notice. As a general rule, a court may not consider any materials outside of the pleadings when ruling on a Rule 12(b)(6) motion except for: (1) materials referenced in the Complaint that are "central" to the claims; or (2) matters of public record not subject to reasonable dispute. Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). USPTO documents are public records "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." See Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l., 957 F. Supp. 2d 1189, 1194 n.2. (S.D. Cal. 2013).

counterfeiting.[3]

**IT IS SO ORDERED.**

Dated: May 18, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[3] The Court does not reach Defendant's argument about whether the marks are used on the "exact same goods." See Mot. at 9-11.